[No. 44795. En Banc. March 2, 1978.]

ORA HINKLE, *Respondent,* v. ERWIN K. McCOLM, *Appellant.*

*Gelman & Couture* and *Herbert Gelman,* for appellant.

*Ora Hinkle,* pro se, and *Thomas H. Henderson,* for respondent.

DOLLIVER, J.—Plaintiff petitioned the Superior Court for Pierce County for partition of property acquired during a meretricious relationship. This is an appeal by the defendant from the judgment which awarded a boat, trailer and citizen band radio to plaintiff.

The meretricious relationship was entered into by the parties in late summer of 1971. From the evidence, it is apparent the relationship developed from circumstances other than a deep emotional attachment between the parties. In February 1975, plaintiff filed the complaint for partition. At trial, the testimony indicated a substantial number of items had been acquired by the parties: boat and trailer, camper, automobile, outboard motor, winch, welding

tools, saddle, television set and citizen band radio. All of these items were awarded to defendant except the boat, trailer and citizen band radio.

In its conclusions of law, the trial court said, "That inasmuch as the relationship was never intended to have any stability, permanency, nor was there any love and affection, that the property should be awarded to the person in whom title exists." The trial court found title to the boat, trailer and citizen band radio were in plaintiff and thus awarded these items to her.

■ The whole question of the division of property following the breakup of a meretricious relationship is rife with fictions, presumptions and exceptions. *See In re Estate of Thornton,* 81 Wn.2d 72, 499 P.2d 864 (1972); *Latham v. Hennessey,* 87 Wn.2d 550, 554 P.2d 1057 (1976); *Omer v. Omer,* 11 Wn. App. 386, 523 P.2d 957 (1974). The long–standing rule in this state contained in *Creasman v. Boyle,* 31 Wn.2d 345, 351, 196 P.2d 835 (1948), is that:

> [P]roperty acquired by a man and a woman not married to each other, but living together as husband and wife, is not community property, and, *in the absence of some trust relation,* belongs to the one in whose name the legal title to the property stands.

This rule has been vigorously attacked in the very opinions upholding it (*In re Estate of Thornton, supra; Latham v. Hennessey, supra*), and a number of exceptions have been announced (*Omer v. Omer, supra*), but as yet it has not been overruled.

The presumption in *Creasman* is that "[I]n the absence of any evidence to the contrary, it should be presumed *as a matter of law* that the parties intended to dispose of the property exactly as they did dispose of it." *Creasman v. Boyle, supra* at 356. In our most recent discussion of *Creasman,* we said:

> As we have stated in *In re Estate of Thornton, supra* at 79, per Justice Finley: "Arguably, *Creasman* should be overruled and its archaic presumption invalidated." However, in light of the facts of this case and the trial

court's findings, we are not squarely confronted with the application of the presumption and believe it would be inappropriate to utilize this case as a vehicle to overrule *Creasman.*

*Latham v. Hennessey, supra* at 555. The court then went on to say, at page 555, that "We are not averse to a reconsideration of the *Creasman* presumption when presented with an appropriate set of circumstances." In the present case, that appropriate set of circumstances is not present. The facts in this case do not warrant a full review of the *Creasman* rule. The result was in accordance both with the sense of equity and justice of the trial court and *Creasman.* It will not be disturbed by this court.

While we have little doubt that the whole question of property rights of "domestic partners" will force a full reconsideration by this court of the *Creasman* rule (*see, e.g.,* Folberg & Buren, *Domestic Partnership: A Proposal for Dividing the Property of Unmarried Families,* 12 Willamette L.J. 453 (1976); *Meretricious Relationships— Property Rights: A Meretricious Relationship May Create an Implied Partnership,* 48 Wash. L. Rev. 635 (1973); *Marvin v. Marvin,* 18 Cal. 3d 660, 557 P.2d 106, 134 Cal. Rptr. 815 (1976)), the occasion has not yet arrived.

The judgment of the trial court is affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, and HICKS, JJ., concur.